IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES MERIWEATHER.
    Petitioner,

vs.                                                       Case No.: 5:11cv118/MCR/EMT

PAIGE AUGUSTINE,
    Respondent

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Petitioner's amended a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 5). The Government has filed a response (doc. 10), and Petitioner has replied (doc. 15).

<u>Background</u>

At the time he filed his petition, Petitioner was a federal inmate incarcerated in the Federal Correctional Institution at Marianna, Florida. His last communication with the court was a notice of change of address to what appeared to be a non-custodial address on August 30, 2011 (doc. 18). Bureau of Prison records reflect an "actual or projected" release date of April 30, 2012.[1]

Petitioner was convicted in the Middle District of Tennessee of possession with intent to distribute cocaine and sentenced on November 14, 2008, to a term of 51-months imprisonment (doc. 10, att. 5). Before his federal conviction at age 30, Petitioner had amassed 19 criminal history points, from Tennessee state court convictions, primarily for drug and theft charges (*id*. at att. 1). It is the calculation of his federal sentence as it relates to his state sentences that is the subject of the instant § 2241 petition. Specifically, Petitioner contends he should have received sentence credit

---

[1] Record for Charles Edward Meriweather, inmate register number 18416-075 retrieved using http://www.bop.gov/iloc2/LocateInmate.jsp

when, after serving significant jail time, two of his state convictions were set aside on appeal. After this, he entered into new plea agreements on the state charges and was sentenced to community correction instead of jail time (doc. 5 at 3). He claims that his rights were violated when he did not receive credit against his federal sentence pursuant to Bureau of Prison ("BOP") Program Statement 5880.28 for the time served in state custody, since this custodial time had not been credited to any other sentence.

Included with the amended petition is a copy of a grievance response, which reflects that Petitioner grieved this issue to Warden Augustine in July of 2010 (doc. 5 at 8). The warden advised him that she was waiting for a response from the Designation and Sentence Computation Center ("DSCC"), and that the response was for "informational purposes only" (*id*.). Also appended to the petition is a copy of a March 10, 2011 e-mail from Candace Whisman, Director of Sentence Management Services in the Tennessee Department of Correction, to E. Dickens at the BOP (*id.* at 9). In this email, Ms. Whisman explains that after two of Petitioner's state sentences were set aside, he entered pleas and was resentenced to a community-based alternative to an incarceration program (*id.*). Therefore, Petitioner did not receive credit for the time he had served in custody, and he would not receive such credit unless he violated the terms of his community corrections sentence and the court resentenced him to a traditional custodial sentence (*id.*). On the final page of his petition form, Petitioner states "Due to immediate release it would have been harmful for me to keep pursuiting [sic] the adminerstraded [sic] rememy [sic] [be]cause DSCC has say [sic] they were not giving me the credits" (sic) (*id.* at 7). Thus, in effectm Petitioner admits he abandoned pursuit of his administrative remedies. Respondent seeks dismissal of the petition on this basis.

## Exhaustion

Although the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") does not apply to habeas petitions, it is well established that individuals seeking habeas relief must exhaust administrative remedies before such relief may be granted, including relief pursuant to § 2241. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632, 634 (2d Cir. 2001) (addressing § 2241 petition); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (addressing § 2241 petition); Little v. Hopkins, 638 F.2d 953, 953–54 (6th Cir. 1981) (discussing habeas petitions in general); United States ex rel. Sanders v. Arnold, 535

F.2d 848, 850–51 (3d Cir. 1976) (same); Willis v. Ciccone, 506 F.2d 1011, 1014–15, n.3 (8th Cir. 1974) (same). "Exhaustion of administrative remedies is jurisdictional" when a petition for writ of habeas corpus is brought pursuant to § 2241 for release from a federal prison.[2] Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit, and distinguishing such cases from habeas actions filed by state inmates under § 2254 and habeas actions filed by members of military forces convicted by special courts-martial); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (citing United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) (requirement that prisoners exhaust administrative procedures prior to seeking relief in district court is jurisdictional)); United States v. Mitchell, 845 F.2d 951, 952–53 (11th Cir. 1988) (district court does not have jurisdiction to entertain petition seeking sentence credit until defendant has exhausted his administrative remedies; after final administrative decision, a dissatisfied prisoner may seek review of that decision) (citation omitted). Also jurisdictional is "[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued." Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (internal quotation marks and citation omitted).

The BOP provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10-542.16. Initially, prisoners must seek resolution of issues informally. *Id.* at § 542.13(a). If unsuccessful, an inmate must then, with some exceptions, file a formal written Administrative Remedy Request (BP-9) with the institution. *Id.* at § 543.14. If dissatisfied with the response, the inmate may appeal to the Regional Director (BP-10). *Id.* at § 542.15(a). Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP. *Id.* Each of these steps is generally required to satisfy the exhaustion prerequisite. Furthermore, an inmate

---

[2] At this juncture, Defendant actually seeks release not from federal prison but from federal custody. Because he is still serving a term of supervised release, he is still "in custody." *See* United States v. Wysocki, 2012 WL 445926 (11th Cir. 2012) (citing United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997)).

is required to exhaust administrative remedies before seeking habeas relief, rather than doing so while a petition is pending. Meagher v. Dugger, 737 F. Supp. 641, 643 (S.D. Fla. 1990).

In this case, Petitioner admits that he has not properly exhausted his administrative remedies prior to filing suit, and his petition is subject to dismissal on that ground. Petitioner's attempt to argue that it would have been "harmful" for him to continue to pursue his administrative remedies is unpersuasive. Although this district court has recognized that the § 2241 exhaustion requirement is judicially created, not statutory, and judicially created exhaustion requirements ordinarily are subject to narrow exceptions, including futility, "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." Garcia v. Middlebrooks, No. 5:08cv165/RH/MD, 2008 WL 2775951, at *1 (N.D. Fla. July 12, 2008) (citing Jaimes v. United States, 168 Fed. Appx. 356, 359 (11th Cir. 2006) ("Given our precedent that the exhaustion requirement in § 2241 cases . . . is jurisdictional, whether he may even assert a futility exception to the requirement is questionable."); Winck, 327 F.3d at 1300 n.1). Furthermore, even if a futility exception were available, Petitioner has alleged no grounds for invoking it in this case. The warden's response from which Petitioner failed to appeal was dated July 4, 2010, well before the April 20, 2011 date he signed his original petition. His failure to appeal that decision in a timely manner in accordance with the administrative procedures does not meet his burden of establishing extraordinary circumstances justifying waiver of the exhaustion requirement, assuming that judicial waiver of the exhaustion requirement is available. *See* Irwin v. Hawk, 40 F.3d 347, 349 (11th Cir. 1994) (requiring exhaustion in prisoner civil rights case even when denial of claim is likely because "[l]ight[ ]ning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits of the claim") (quoting Greene v. Meese, 875 F.2d 639, 641 (7th Cir. 1989)); Gonzalez, 959 F.2d at 212 (holding that the BOP's alleged failure to release an inmate on his presumptive release date did not excuse the prisoner's failure to exhaust).

It is thus obvious from the face of the petition, as well as the documentation provided by Respondent, that Petitioner failed to exhaust his administrative remedies prior to filing this habeas action. This failing operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. For this reason, this case should be dismissed.

Case No.: 5:11cv118/MCR/EMT

Accordingly, it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 5), be **DENIED and DISMISSED with prejudice.**

At Pensacola, Florida, this 30th day of April 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**